UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:08-CV-22-MU

| | |
|---|---|
| TEDDY L. BOLES, Sr. ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| GARY JONES, Admin., Johnston Correctional ) | |
| Inst., ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on review of Petitioner's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus filed on April 21, 2008 (Doc. No. 1); Respondent's "Motion to Dismiss on Statute of Limitations Grounds" (Doc. No. 3); and Petitioner's Response to Respondent's Motion to Dismiss. (Doc. No. 7.)  For the reasons stated herein, the Petitioner's case will be dismissed as time-barred.

## I. Factual and Procedural Background

A review of the record reveals that on September 11, 2006, Petitioner pled guilty to trafficking in methadone, obtaining property under false pretenses, possession with intent to sell and deliver cocaine, and felony maintaining a vehicle or dwelling place for the purpose of selling a controlled substance.  Petitioner was sentenced to seventy (70) to eighty-four (84) months in prison. (Respondent's Brief supporting Motion to Dismiss, Exhibit 2.)  On June 26, 2007,

1

Petitioner submitted a pro se motion for appropriate relief (MAR) to the Superior Court, Wilkes County. (Resp't Br., Ex. 3.) On October 11, 2007, Judge Edgar B. Gregory denied the MAR. (Resp't Br., Ex. 4.) On July 25, 2007, Petitioner filed a pro se petition for writ of certiorari in the North Carolina Court of Appeals (Resp't Br., Ex. 5), which was denied on August 8, 2007. (Resp't Br., Ex. 6). On August 27, 2007, Petitioner filed a pro se document entitled "Petition for Discretionary Review" in the Supreme Court of North Carolina which was dismissed on January 24, 2008. Boles v. Jones, No. 426P07, 2008 N.C. LEXIS 75 (January 25, 2008) (unpublished order) (Resp.t Br., Ex. 9.) Petitioner submitted the instant habeas petition to this Court which was filed on March 12, 2008.

## II. Analysis

In April 1996, the U.S. Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), effectively amending 28 U.S.C. § 2254 by adding the following language:

A 1 year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review:

    (B)    the date on which the impediment to filing an application created by State in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court; if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Furthermore, the AEDPA provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

As has been noted above, the instant Petition reports that Petitioner sustained his conviction and sentence on September 11, 2006. Petitioner did not directly appeal. Instead, Petitioner allowed two hundred and eighty-eight (288) days to pass before filing unsuccessful collateral review proceedings in the North Carolina courts. The AEDPA entitles the Petitioner to have the limitation period tolled for the brief period during which he was pursuing State collateral review, namely from June 26, 2007, the date on which he filed his MAR until August 8, 2007, the date on which his Petition for Writ of Certiorari was denied by the North Carolina Court of Appeals.[1] Thereafter, Petitioner had seventy-seven (77) days remaining under the one

---

[1] Petitioner's "Motion for Discretionary Review," filed with the North Carolina Supreme Court on August 27, 2007 and denied on January 24, 2008, was inappropriately filed. See N.C.G.S. § 7A-28(a) ("Decisions of the Court of Appeals upon review of motions for appropriate relief listed in G.S. 15A-1415(b) are final and not subject to further review in the Supreme Court by appeal, motion, certification, writ or otherwise.") The Statute of Limitations shall only be tolled for appropriately filed proceedings; therefore the one year period of limitations will not toll for the period during which his "Motion for Discretionary Review" was under consideration. Petitioner's argument that his Petition for Discretionary Review was filed in the Supreme Court of North Carolina in order to satisfy the exhaustion requirement consistent with O'Sullivan v. Boerckal, 526 U.S. 838 (1999) is misplaced. O'Sullivan requires that claims must be addressed by the state's highest court on either direct or collateral review in order to meet the exhaustion requirement. However, O'Sullivan specifies that claims must be presented to the highest court with jurisdiction. In North Carolina "[in noncapital, post conviction cases, certiorari petitions] should be filed in and determined by the Court of Appeals and the Supreme court will not entertain petitions for certiorari or petitioner for further discretionary review." See N.C.R.App. P. 21(e).

year limitation period. Petitioner filed his § 2254 claim on March 7, 2008,[2] over four months after the statute of limitations had run. Therefore, the Petitioner's petition was not filed before the one-year limitations passed and must be dismissed.

Moreover, as to equitable tolling, the Fourth Circuit Court of Appeals has stated that such tolling is allowed in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitations period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2004) (en banc), cert. denied, 125 S.Ct. 209 (2004). See also United States v. Sosa, 364 F.3d 507, 511-13 (4th Cir. 2004). Here, the Petitioner does not set forth any basis which would support a finding that it would be unconscionable to enforce the limitations period, or that a gross injustice would result from such enforcement. Therefore, equitable tolling also is not available for the Petitioner.

### III. Conclusion

The Petitioner has failed to demonstrate that his habeas Petition was timely filed in this Court. Accordingly, such Petition must be dismissed.[3]

---

[2] The Court notes that the Petition was signed on March 7, 2008, but filed in this Court on March 12, 2008.

[3] The Court notes that even if it were to consider Petitioner's claims, they are without merit. Petitioner's four ineffective assistance of counsel claims contained in his Petition were all raised in his MAR and were addressed on the merits in a thorough discussion citing federal law. This Court has review the MAR decision and notes that the state court decision is correct. It did not result in a decision contrary to, or involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, i.e. Strickland v. Washington, 466 U.S. 687 (1984). Nor is the state court adjudication based on an unreasonable determination of facts in light of the evidence presented in the state court proceedings. Therefore, to the extent that Petitioner's Petition is considered timely filed, this Court would not overturn the North Carolina Court of Appeals opinion under the deferential standards of review contained in section 2254(d) and (e).

## IV. Order

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the Petitioner's Petition for a Writ of Habeas Corpus is **DISMISSED**.

**SO ORDERED.**

Signed: July 14, 2008

Graham C. Mullen
United States District Judge